
FILED
2012 Oct-10  AM 10:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **GARY EUGENE LITTLETON,** | ) | |
| | ) | |
| **Claimant,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. CV-11-S-4260-S** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner, Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Claimant, Gary Eugene Littleton, commenced this action on December 19, 2011, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner affirming the decision of the Administrative Law Judge denying his claim for a period of disability, disability insurance, and supplemental security income benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be reversed, and this case should be remanded to the Commissioner for further proceedings.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v.*

*Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant argues that the Commissioner's decision was neither supported by substantial evidence nor in accordance with legal standards.  Specifically, claimant asserts that: (1) the ALJ's severe impairment findings were not based on substantial evidence; (2) the ALJ's mental residual functional capacity finding was based on inappropriate terminology; and (3) the ALJ should have found claimant to be disabled under Listing 12.05C.  Upon consideration of the record and the parties' briefs, the court concludes that remand is warranted for the Commissioner to give further consideration to claimant's disability status under Listing 12.05C.

Listing 12.05C, governing mental retardation, provides as follows:

> *Mental Retardation.*  Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.,* the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> A.     Mental incapacity evidenced by dependence upon others for personal needs (e.g., toileting, eating, dressing, or bathing) and inability to follow directions, such that the use of standardized measures of intellectual functioning is precluded; OR
>
> B.     A valid verbal, performance, or full scale IQ of 59 or less;

OR

      C.    A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function; OR

      D.    A valid verbal, performance or full scale IQ of 60 through 70, resulting in at least two of the following:

          1.    Marked restriction of activities of daily living; or

          2.    Marked difficulties in maintaining social functioning; or

          3.    Marked difficulties in maintaining concentration, persistence, or pace; or

          4.    Repeated episodes of decompensation, each of extended duration.

20 C.F.R. pt. 404, subpt. P, appx. 1, § 12.05 (listings) (all emphasis in original).

The ALJ found that claimant did not meet the preliminary requirements of Listing 12.05C because his "educational records do not support a finding that his mental impairment onset prior to the age of 22."[1]  He found that claimant did not satisfy the "B" criteria of the Listing because "claimant's mental impairment does not cause at least two 'marked' limitations or one 'marked' limitation and 'repeated' episodes of decompensation, each of extended duration . . . ."[2]  He found that the "C" criteria were not satisfied because "the evidence does not show even a minimal

_____

[1] Tr. 20.

[2] Tr. 21.

increase in mental demands or change in the environment would be predicted to cause the claimant to decompensate; or that the claimant has the inability to function outside a highly supportive living arrangement."[3]

It appears that the ALJ was confused when he was writing about claimant's satisfaction of the Listing. The "B" criteria of Listing 12.05 — clearly the only listing that would be applicable here and, importantly, the only listing claimant claims to satisfy — require evidence of an IQ score below 59, *not* evidence of marked limitations and/or repeated episodes of decompensation. The "C" criteria of Listing 12.05 require evidence of an IQ score between 60 and 70 and an additional physical or mental impairment, *not* evidence of inability to adapt to changes in the environment or to function outside a highly supportive living arrangement. The ALJ's findings comport more with Listing 12.04, which governs affective disorders, instead.[4] However, claimant has not asserted disability pursuant to Listing 12.04, and

---

[3] Tr. 21-22.

[4] Listing 12.04 requires proof of:

    1.    Depressive syndrome characterized by at least four of the following:

        a.    Anhedonia or pervasive loss of interest in almost all activities; or
        b.    Appetite disturbance with change in weight; or
        c.    Sleep disturbance; or
        d.    Psychomotor agitation or retardation; or
        e.    Decreased energy; or
        f.    Feelings of guilt or worthlessness; or
        g.    Difficulty concentrating or thinking; or

h.     Thoughts of suicide; or

i.     Hallucinations, delusions, or paranoid thinking.

2.     Manic syndrome characterized by at least three of the following:

a.     Hyperactivity; or

b.     Pressure of speech; or

c.     Flight of ideas; or

d.     Inflated self-esteem; or

e.     Decreased need for sleep; or

f.     Easy distractability; or

g.     Involvement in activities that have a high probability of painful consequences which are not recognized; or

h.     Hallucinations, delusions or paranoid thinking; or

3.     Bipolar syndrome with a history of episodic periods manifested by the full symptomatic picture of both manic and depressive syndromes (and currently characterized by either or both syndromes) . . . .

20 C.F.R. pt. 404, subpt. P, appx. 1, § 12.04A (listings) (the so-called "A criteria"). Additionally, a claimant must show at least two of the following:

1.     Marked restriction of activities of daily living; or

2.     Marked difficulties in maintaining social functioning; or

3.     Marked difficulties in maintaining concentration, persistence, or pace; or

4.     Repeated episodes of decompensation, each of extended duration.

20 C.F.R. pt. 404, subpt. P, appx. 1, § 12.04B (listings) ("B criteria"). Alternatively, claimant can demonstrate a

[m]edically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:

1.     Repeated episodes of decompensation, each of extended duration; or

2.     A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or

3.     Current history of 1 or more years' inability to function outside a

5

there is no evidence that claimant has suffered any disabling limitations from an affective disorder.

Because the ALJ applied an incorrect Listing, his findings were not in accordance with applicable law.  Because the ALJ did not make any findings about whether claimant satisfies the appropriate Listing, 12.05, the court cannot determine whether his findings were supported by substantial evidence.  Remand is warranted to correct these deficiencies.

In accordance with the foregoing, the decision of the Commissioner is REVERSED, and this action is REMANDED to the Commissioner of the Social Security Administration for the ALJ to give further consideration to claimant's satisfaction of Listing 12.05, and to render a supplemental administrative opinion. The Commissioner is further authorized, on remand, to conduct any other proceedings consistent with this memorandum opinion and order.

The Clerk is directed to close this file.

DONE this 10th day of October, 2012.

_____
United States District Judge

---

highly supportive living arrangement, with an indication of continued need for such an arrangement.

20 C.F.R. pt. 404, subpt. P, appx. 1, § 12.04C (listings) ("C criteria").